# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

RAVEEN HENDERSON, )
)
    *Plaintiff,* )
)     Case No. 1:26-cv-21
v. )
)     Judge Atchley
HAMILTON COUNTY PROBATE )     Magistrate Judge Dumitru
COURT, )
)
    *Defendant.* )

## <u>MEMORANDUM OPINION AND ORDER</u>

On January 30, 2026, United States Magistrate Judge Mike J. Dumitru filed a Report and Recommendation [Doc. 7] (the "R&R") pursuant to 28 U.S.C. § 636 and the rules of this Court. Magistrate Judge Dumitru screened the Complaint [Doc. 2] pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and recommends that this action be dismissed for lack of subject matter jurisdiction.

Plaintiff was advised that she had 14 days to object to the Report and Recommendation and that failure to do so would forfeit any right to appeal. [Doc. 7 at 6 n.4]; *see* Fed. R. Civ. P. 72(b)(2). After seeking an extension of time, two objections [Docs. 10 & 11] were filed by a Brynae T. Burney, purportedly on behalf of Plaintiff Henderson.

For reasons that follow, the Objections [Docs. 10 & 11] will be **OVERRULED**, the Report & Recommendation [Doc. 7] will be **ACCEPTED** and **ADOPTED**, and this action will be **DISMISSED** for lack of subject matter jurisdiction.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On January 29, 2026, Plaintiff Raveen Henderson initiated this action by filing a "Petition to Re-Open the Estate." [Doc. 2]. She alleges she is the biological granddaughter of the late

Clarence Ashford. [*Id.* at 1]. Plaintiff alleges Ashford's Last Will and Testament [Doc. 2-1 at 1-8] devised to her a condominium located at 925 Shallowford Road, Unit 15, Chattanooga, Tennessee 37404 (the "Property"), as well as any personal property located therein. [*Id.*].

According to the Petition/Complaint, the decedent's sister, Charlene Ashford, filed a Petition for Testate Administration on April 15, 2003. [*Id.*]. Ms. Ashford, as administrator of the estate, later filed a sworn statement in which she averred she had distributed the estate according to the will. [*Id.*]. Plaintiff alleges the Property was never transferred to her. [*Id.*]. At the time of her grandfather's passing, Plaintiff was a minor, and she alleges no steps were taken to establish a trust on her behalf. [*Id.*]. She says no rental proceeds or profits from the sale of any property were ever distributed to her or used for her benefit. [*Id.*].

Plaintiff alleges that after Mr. Ashford's death on January 24, 2003, Plaintiff's mother, Felicia Bryant, acted in concert with executor Charlene Ashford to divert assets of the estate and deprive Plaintiff of her inheritance. [*Id.* at 2]. She alleges the Hamilton County Probate Division oversaw the estate filings and improperly administered the estate by, *inter alia*, accepting altered or fraudulent documents. [*Id.*]. She alleges the "value of misappropriated estate assets exceeds $25,000 and is believed to be substantially higher." [*Id.*]. She asserts the statute of limitations is tolled under T.C.A. § 28-1-106 due to Plaintiff's minority at the time and the fraudulent concealment of others. [*Id.*]. For relief, she requests that the estate of Clarence Ashford, Case No. 03-P-197 in the Chancery Court of Hamilton County, be reopened, that Charlene Ashford be removed as executor, that a full accounting be required, that all fraudulent transfers/deeds be voided, that a constructive trust be imposed on all wrongfully diverted assets, that a judgment exceeding $25,000 plus interest be awarded in her favor, and for costs and attorney's fees. [*Id.*].

Styled as a Petition, the document does not identify any defendants, but was apparently served on Charlene Ashford and Felicia Bryant. [*Id.*].

According to the Last Will and Testament of Clarence Ashford, his sister Cheralene Ashford was to be the executor of the will. [Doc. 2-1 at 2]. The Will "specifically devise[d]" the Property and its contents to Raven Henderson. [*Id.* at 3-4]. Plaintiff also attaches the results of a Property Tax Inquiry with the Hamilton County Trustee that appears to show the Property was transferred to Felicia Bryant in 2003, then to Randolph Petersen, then to Cleon Coleman, then Locklear Holdings, LLC, and is now owned by 925 Shallowford, LLC. [Doc. 2-1 at 14]. Plaintiff also attaches a notice from the IRS that appears to show an employer identification number issued to "Raveen S Henderson Custodianship," with Felicia Bryant as custodian. [*Id.* at 29].

On January 30, 2026, Magistrate Judge Mike Dumitru issued a Report and Recommendation [Doc. 7], recommending this action be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's claim(s). The R&R notes that Plaintiff seeks to reopen the estate of Clarence Ashford, but does not assert any cause of action arising under federal law. [*Id.* at 5]. Nor does the Petition establish diversity jurisdiction. Plaintiff does not state the citizenship of either Charlene Ashford or Felicia Bryant, both of whom appear to be Tennessee residents based on the addresses listed in the Petition. [*Id.*]. As to the amount in controversy, Plaintiff asserts damages of $25,000, but notes the true value of misappropriated assets may be "substantially higher," without giving another estimate. [*Id.*].

In addition, Judge Dumitru found that "many of Plaintiff's claims/requested relief are not properly before the Court pursuant to the probate exception." [Doc. 7 at 5]. The probate exception "reserves to the state courts the probate or annulment of a will and the administration of a decedent's estate," precluding federal courts from "endeavoring to dispose of property that is in

3

the custody of a state probate court." *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006)).

Finally, the Magistrate Judge found that justice would not be served by granting leave to amend, and therefore he recommends dismissal of the case. [*Id.* at 5-6].

Plaintiff sought an extension of the time to object to the R&R, which was granted. [Doc. 9]. Two objections [Docs. 10 & 11] were then filed, both by Brynae T. Burney as "next friend" to Plaintiff Henderson.

## II.      STANDARD OF REVIEW

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of an objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

## III.      ANALYSIS

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines such an action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such

4

relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2). After screening the Complaint, Judge Dumitru recommends this action be dismissed for lack of subject matter jurisdiction. The Court agrees.

### a. Motion for Appointment of Next Friend

The first objection [Doc. 10] seeks appointment of Ms. Burney as Plaintiff's next friend pursuant to Federal Rule of Civil Procedure 17. That Rule provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). As a basis for appointment of Ms. Burney as Plaintiff's next friend, the objection states that "[a]ppointment is necessary to ensure diligent prosecution of Plaintiff's constitutional claims." [Doc. 10 at 1]. But that is not a basis for appointment of a next friend under Rule 17(c)(2). Nothing in the record indicates that Plaintiff Henderson is a minor or otherwise incompetent within the meaning of Rule 17, so the motion for appointment will be **DENIED**.

Ms. Burney cannot appear on behalf of Plaintiff in this action, because nothing in the record suggests she is an attorney authorized to practice law in any jurisdiction. Section 1654 of Title 28 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." That provision "authorizes only two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Berrios v. N.Y. Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (cleaned up; citation and punctuation omitted). "A nonlawyer can't handle a case on behalf of anyone except himself." *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013); *see Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-

5

equipped layperson from squandering the rights of the party he purports to represent."); *Shepherd v. William*, 313 F.3d 963, 970 (6th Cir. 2002) (holding 28 U.S.C. § 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake"). As Ms. Burney does not purport to be an attorney, she cannot represent Plaintiff in this action.

That would be true even if the Court had granted her motion for appointment as Plaintiff's next friend. "The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without assistance of counsel." *Berrios v. N.Y. Housing Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). To the contrary, "[i]f the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney to conduct the litigation." *Id.* Because Ms. Burney's filings on behalf of Plaintiff Henderson are unauthorized, they are subject to being overruled on this basis alone.

The Court will nonetheless address the substantive arguments raised in the Objections [Docs. 10 & 11].[1] Plaintiff objects to the following: (1) the finding that Court lacks subject matter jurisdiction over her claim, (2) application of the "probate exception," (3) any finding that Plaintiff's claims are implausible or that the record is insufficient to state a claim.

### b. Objection to Subject Matter Jurisdiction Finding

Plaintiff first objects to Judge Dumitru's finding that the Court lacks subject matter jurisdiction over her claim. The Objections [Docs. 10 & 11] assert for the first time that Plaintiff's claim is one for violation of the Due Process Clause of the Fourteenth Amendment "by a state

---

[1] The second objection filed, Doc. 11, restates and elaborates on the issues raised in the first objection, Doc. 10, so the Court's analysis focuses primarily on the second objection.

entity." [Doc. 11 at 1].[2] She argues "the Defendant facilitated an unconstitutional deprivation of property," and that "property transfers were permitted without constitutionally sufficient notice." [*Id.*]. Initially, the Petition/Complaint never once mentions a deprivation of Plaintiff's right to due process of law and "the Court need not consider the new facts asserted in Plaintiff's objections to the report and recommendation." *See Harper v. Houston*, 2018 WL 354609, at *5 n.2 (W.D. Tenn. Jan. 10, 2018).

Second, Plaintiff fails to state a due process claim against the "Hamilton County Probate Court," identified in exhibits as the Chancery Court of Hamilton County. [*See* Doc. 2-1 at 11]. A Fourteenth Amendment Due Process claim must be brought under 42 U.S.C. § 1983.[3] Hamilton County is a municipality, and the Chancery Court of Hamilton County is a subdivision of that municipality. While municipalities are "persons" subject to suit under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 700-1 (1978), "a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a <u>policy or custom of the municipality</u> and the alleged constitutional violation." *Knight v. Montgomery Cnty., Tenn.*, 2015 WL 2185973, *4 (M.D. Tenn. May 8, 2015) (citing *Monell*, 436 U.S. at 694) (emphasis added). Plaintiff does not allege that she was harmed by any official policy or custom of Hamilton County, Tennessee, or its courts. She does not allege ratification of illegal actions by a decision-maker, a policy of inadequate training or supervision, or a custom of tolerance of federal rights

---

[2] Plaintiff does not challenge the R&R's findings regarding lack of diversity jurisdiction, nor does she suggest the intent to sue any defendant other than Hamilton County Probate Court.

[3] Plaintiff has to rely on § 1983 to bring a due process claim. This is so because "the Fourteenth Amendment does not create a private right of action; instead, § 1983 provides a cause of action for all citizens injured by an abridgement of the protections set forth in the Equal Protection and Due Process Clauses of the Fourteenth Amendment." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 683 (6th Cir. 2018) (internal punctuation and citation omitted).

violations. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Accordingly, Plaintiff's first objection will be **OVERRULED** and any claim against Hamilton County or its courts must be dismissed.[4]

### c. Objection to Probate Exception

Next, Plaintiff objects to the application of the probate exception. Plaintiff contends that the exhibits filed with her objection "show the estate was closed," and that "[t]he current injury arises from the unconstitutional use of state court processes to terminate property interests, which is a civil rights issue." [Doc. 11 at 2]. But as Judge Dumitru correctly noted, much if not all of the relief Plaintiff seeks falls within the probate exception, because it asks the Court to disturb the administration of Clarence Ashford's estate.

"It is well-settled that 'a federal court has no jurisdiction to probate a will or administer an estate.'" *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007) (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946)). The so-called probate exception has been interpreted to "preclude[] federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id.* (citation omitted). It does not, however, bar claims for *in personam* relief, "as opposed to relief seeking to reach the *res* over which the state court had custody." *Id.*

As in *Wisecarver*, the "majority of the relief" that Plaintiff seeks "would involve disturbing [decedent's] estate, which has already been probated." 489 F.3d 747, 751 (6th Cir. 2007). In *Wiseacre*, the plaintiff sought, e.g., an order enjoining defendant's disposition of assets received from the estate, an order divesting defendants of all property they retained from the estate, and a declaration that the decedent's probated will was invalid. *Id.* The United States Court of Appeals

---

[4] Plaintiff does not identify Chancellor Howell Peoples as a defendant in this action. For avoidance of doubt, Chancellor Peoples enjoys judicial immunity from suit. *See Morgan v. Bd. of Prof. Responsibility*, 63 F.4th 510, 518 (6th Cir. 2023) (holding judicial immunity "is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit").

8

for the Sixth Circuit held: "Granting this relief is precisely what the probate exception prohibits because it would require the district court to dispose of property in a manner inconsistent with the state probate court's distribution of assets." *Id.* at 751.

Similarly, Plaintiff here asks the Court to "[r]emove and surcharge Charlene Ashford as Executor," require an accounting of estate assets, "[v]oid all fraudulent deeds and transfers," "[i]mpose a constructive trust over all wrongfully obtained assets," and award her at least $25,000 for the "value of misappropriated assets." [Doc. 2 at 3]. She asks, in short, that the Court disturb the decedent's estate, which has already been probated. While the probate exception is "limited," it extends to claims that "challenge the validity of [decedent's] will and would require the district court to 'disturb or affect the possession of property in the custody of a state court' because the state court already probated [decedent's] estate." *Wiseacre*, 489 F.3d at 751.

Finally, to the extent Plaintiff contends her injury arose after the estate was closed, [Doc. 10 at 1], it is not clear who she is suing. She refers to the due process violation as caused by "a state entity" [Doc. 11 at 1], but makes no allegation that the state court had any involvement with the estate after its closure. Plaintiff's objection to the application of the probate exception will therefore be **OVERRULED**.

### d. Objection to "Implausibility" Finding / Sufficiency of Evidence

Next, Plaintiff objects to any "implausibility" finding. [Doc. 10 at 2]. Plaintiff shows that the records from the Hamilton County Clerk and Master "provide factual evidence of a property interest and a procedural failure by a state entity required to state a claim." [*Id.*]. In her second objection, she rephrases to object to a "finding of insufficient claim," citing exhibits in the record that purportedly "provide the factual evidence of the property interest and the subsequent unauthorized transfer occurring after the estate was closed." [Doc. 11 at 2]. As the R&R makes

9

no finding as to the plausibility of Plaintiff's allegations or the sufficiency of the evidence, this objection will be **OVERRULED**.

## IV.     CONCLUSION

In her initial pleading, Plaintiff petitioned the Court to reopen the estate of Clarence Ashford and take various actions related to probated assets. A federal district court has no authority to reopen or direct the reopening of a state court lawsuit. Plaintiff's Petition/Complaint does not assert any federal constitutional or statutory claim, and there does not appear to be complete diversity of the parties or an amount in controversy exceeding $75,000. The Court therefore lacks subject matter jurisdiction over the Petition/Complaint as filed. Plaintiff's objections to the R&R are improper, as they were filed by a non-attorney purporting to act on Plaintiff's behalf. Even if properly filed, the objections must be overruled. Plaintiff cannot assert a new claim in an objection to an R&R, and in any event, she fails to state a due process claim against Hamilton County Probate Court / Chancery Court. Without alleging she was harmed by an official policy or custom of a municipality, Plaintiff cannot state a § 1983 claim against that municipality or its subdivisions. Finally, Plaintiff's claims fall within the probate exception, as they explicitly ask the Court to disturb the state probate court's distribution of assets. Any one of these reasons, standing alone, would require the dismissal of this action.

Accordingly, the motion for appointment of Brynae T. Burney as Plaintiff's next friend [Doc. 10] is **DENIED**. The Objections [Docs. 10 & 11] to the R&R are **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in Judge Dumitru's Report and Recommendation [Doc. 7], and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim.

A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

11